THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY BACA,

      Plaintiff,

v.                                       No. Civ. 26-0010 JCH/KK

PAUL ECKHARDT, RANDALL
ALVAREZ, and LIBERTY MUTUAL
PERSONAL INSURANCE COMPANY,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF REMAND</u>**

This matter is before the Court on *Plaintiff's Response to the Court's Order to Show Cause and Request for Award of Attorney's Fees, Costs, and Sanctions Pursuant to 28 U.S.C. § 1447(c)* (Dkt. No. 9), filed by Plaintiff Tony Baca. Plaintiff seeks attorney's fees and costs, arguing that removal was objectively unreasonable. Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") objects to the imposition of attorney's fees. Having considered the Plaintiff's response to the Court's Order to Show Cause, his request for attorney's fees, the reply, and the evidence in the record, the Court will remand this case to state court and deny Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

## I.     BACKGROUND

Plaintiff Tony Baca filed this suit in the Second Judicial District Court, Bernalillo County, New Mexico, arising from a motor vehicle collision and the subsequent handling of his insurance claim. *See* Compl. ¶¶ 4-5, Dkt. No. 1-1. According to the complaint, Defendant Paul Eckhardt, without signaling, made a wide U-turn with his diesel truck and collided with Plaintiff's vehicle. *Id.* ¶¶ 9-11. Plaintiff sued Defendant Eckhardt for negligence and negligence per se. *Id.* ¶¶ 14-22.

He also brought claims against Liberty Mutual, Defendant Eckhardt's insurer, and Randall Alvarez, Liberty Mutual's claims adjuster assigned to handle Plaintiff's claim, for violations of the New Mexico Unfair Claims Handling Practices Act. *See id.* ¶¶ 3-4, 24-31.

According to the state court complaint, Plaintiff Baca is a resident of New Mexico, *id.* ¶ 1, while Defendant Eckhardt "is a resident of the City of Conway, Faulkner County, State of Arkansas," *id.* ¶ 2. Plaintiff alleged that Defendant Alvarez's "place of business" is in Texas, *id.* ¶ 3, and Liberty Mutual is a "foreign insurance company" authorized to transact business in New Mexico, *id.* ¶ 4.

Defendant removed the case on January 4, 2026, based on diversity jurisdiction. Notice of Removal, Dkt. No. 1. According to the Notice of Removal, no properly joined defendant is a citizen of New Mexico. *Id.* ¶¶ 3-4. Defendant asserted that Liberty Mutual is incorporated in New Hampshire with its principal place of business in Massachusetts, while Plaintiff is a citizen of New Mexico. *Id.* ¶ 4.

On January 9, 2026, the Honorable Kirtan Khalsa *sua sponte* entered an *Order to Show Cause or Cure*. Order 1, Dkt. No. 4. Judge Khalsa explained that the allegations in the Notice of Removal did not properly address the citizenship of Defendants Eckhardt and Alvarez:

> While Defendant Liberty Mutual, as the removing Defendant, may rely on citizenship allegations contained in Plaintiff's Complaint filed in state court to establish diversity jurisdiction, the Plaintiff's Complaint is devoid of factual allegations that would allow the Court to adequately assess the citizenship of Defendants Eckhardt and Alvarez. For example, Plaintiff's Complaint states that Defendant Eckhardt "is a resident of the City of Conway, Faulkner County, State of Arkansas." However, residency is not the equivalent of domicile, and a person's domicile is the pertinent consideration in determining a party's citizenship. Concerning Defendant Alvarez, the Plaintiff's Complaint merely states that his "place of business is located in the City of Irving, Dallas County, State of Texas." This is insufficient to establish a natural person's citizenship.

*Id.* at 3 (internal citations omitted). Accordingly, the Court ordered Liberty Mutual to file either a written response showing why the Court has subject matter jurisdiction or an amended notice of removal that alleges facts sufficient to establish subject matter jurisdiction. *See id.* at 3-4.

Liberty Mutual submitted a timely written response. Resp. 1, Dkt. No. 5. After explaining that it relied on Plaintiff's allegation in the complaint that Defendant Eckhardt was a resident of Arkansas, Liberty Mutual conceded that it had since learned that Defendant Eckhardt is a citizen of New Mexico. *Id.* Liberty Mutual stipulated that the case should be remanded to state court. *Id.*

This Court then ordered Plaintiff to file a written response to explain why this Court should not remand the case for lack of subject matter jurisdiction to the Second Judicial District Court, Bernalillo County, New Mexico. Order to Show Cause 1-2, Dkt. No. 8. Plaintiff responded that the Court should remand the case. Resp. 7, Dkt. No. 9. Plaintiff also moved for an award of attorney's fees, costs, and expenses incurred as a result of the improper removal. *Id.* Plaintiff submitted emails between the parties, one of which dated January 2, 2026, noted that the attached Lexis report showed multiple addresses for Defendant Eckhardt. *See* Pl.'s Ex. A, Dkt. No. 9 at 9-13 of 19. Plaintiff contends that attorney's fees are justified because the Notice of Removal was facially defective and Defendant Liberty Mutual filed it without conducting a reasonable pre-removal investigation. Resp. 1-5, Dkt. No. 9.

In reply, Liberty Mutual asserts that, at the time it was required to remove the case to federal court, the information it possessed showed that Defendant Eckhardt lived in Arkansas. Reply 2, Dkt. No. 11. Liberty Mutual submitted the Lexis attachment, which gave a current address for Defendant Eckhardt in Arkansas. *See* Def.'s Ex. 3 at 2, Dkt. No. 11-3. Defendant Liberty Mutual contends that it engaged in conversations with Plaintiff's counsel the week of January 5, 2026, about whether Defendant Eckhardt's wife's residence would defeat jurisdiction. Reply 2,

Dkt. No. 11. Defense counsel began researching that issue and learned of Defendant Eckhardt's New Mexico citizenship. *Id.* At that point, Liberty Mutual stipulated that the case should be remanded. *Id.* According to the reply, Plaintiff refused to agree to a stipulated motion and order for remand unless Liberty Mutual agreed to pay his attorney's fees. *Id.* Liberty Mutual objects to the imposition of attorney's fees, arguing that it reasonably relied on the allegations in Plaintiff's complaint and the attachment provided by Plaintiff that identified Defendant Eckhardt's current residence in Arkansas. *Id.* at 3.

## II.    ANALYSIS

Federal district courts have original jurisdiction of civil actions where both complete diversity of citizenship and an amount in controversy over $75,000 exist. *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) (explaining that § 1332(a) requires complete diversity of citizenship). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Here, the parties agree that this case must be remanded for lack of complete diversity. It is undisputed that Defendant Eckhardt is a citizen of New Mexico, as is Plaintiff. Consequently, the Court will remand this case to state court. The remaining question is whether the Court should award attorney's fees.

Section 1447(c) provides that the Court may award attorney's fees in its discretion when it enters an order of remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may

award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The question is therefore whether Defendant Liberty Mutual reasonably believed subject matter jurisdiction existed on the date it filed its removal papers. The Court finds Defendant Liberty Mutual had a reasonable basis for believing removal was proper based on the contents of Plaintiff's own complaint as to the residency of Defendant Eckhardt. Moreover, the attachment provided by Plaintiff similarly indicated that Defendant Eckhardt lived in Arkansas. Counsel for Plaintiff also has had difficulty tracking down Defendant Eckhardt's current address, as evident by his seeking to serve Defendant Eckhardt by publication. *See* Pl.'s Ex. A, Dkt. No. 9 at 9 of 19; Def.'s Ex. 2, Dkt. No. 11-2 at 3-4 of 4. Consequently, the Court finds that an award of attorney's fees is not justified.[1]

Not only is an award not warranted in this case, but the amount Plaintiff seeks is not reasonable. Plaintiff requests fees based on filing a Motion to Remand. *See* Aff. ¶ 5, Dkt. No. 9 at 18 of 19. Plaintiff, however, never filed a motion to remand. The Court raised the issue *sua sponte* when it entered its show-cause order. Liberty Mutual readily agreed to remand, based on the recent results of its investigation. Furthermore, counsel seeks fees related to preparing the motion to serve by publication, work that pre-dated removal. *See* Def.'s Ex. 2, Dkt. No. 11-2 at 1 of 4 (referring to motion to serve in a December 30, 2025, email). That work was not an expense that arises out of removal, but from the need to serve Defendant Eckhardt. The affidavit for attorney's fees provided by Plaintiff thus seeks fees that are not reasonable.

---

[1] Plaintiff attached a January 9, 2026 email in which Plaintiff offered to settle the matter below the $75,000 amount-in-controversy threshold. Pl.'s Ex. B, Dkt. No. 9 at 14 of 19. Plaintiff suggests, but does not explicitly argue, that removal was improper based on the amount in controversy. Plaintiff, however, did not adequately raise this argument, and thus, there is insufficient support for it. Moreover, the email cited by Plaintiff was sent *after* removal and therefore does not serve as a basis for finding that Liberty Mutual did not objectively believe the amount in controversy was satisfied at the time of removal.

**IT IS THEREFORE ORDERED** that

1. This case is **REMANDED** to the Second Judicial District Court, Bernalillo County, New Mexico.

2. Plaintiff's *Request for Award of Attorney's Fees, Costs, and Sanctions Pursuant to 28 U.S.C. § 1447(c)* (**Dkt. No. 9**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE